UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV825(HEA) |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee [Doc. #1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

1

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civil detainee involuntarily confined as a "sexually violent predator" pursuant to Missouri Revised Statutes §§ 632.480 - .513, seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Alan Blake and "All of the MSOTC Staff." Plaintiff claims that conditions at the Missouri Sexual Offender Treatment Center (MSOTC) are unsanitary.

## Discussion

Plaintiff's complaint fails to allege how defendant Blake is personally and directly responsible for the conditions alleged in the complaint. Consequently, plaintiff's claims against defendant Blake should be dismissed. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Furthermore, plaintiff's claims against "All of the MSOTC Staff" should be dismissed because fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific enough to permit the identity of the unknown defendants to be determined because the number of unnamed defendants is indeterminate. This is not permissible. *See Estate*

3

*of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous or fails to state a claim upon which relief may be granted or both.

An appropriate order shall accompany shall this order and memorandum.

Dated this 12th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**